E-FILED
Tuesday, 12 May, 2026 11:17:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSHUA LEE MATTHEWS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1508 |
| | ) | |
| MINDY NURSE *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983

by Joshua Lee Matthews, an inmate at Joliet Treatment Center. Plaintiff has also filed a

Motion for Status (Docs. 7).

I.      Complaint

A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient

claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In

reviewing the complaint, the Court accepts the factual allegations as accurate, liberally

construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff alleges violations at Pontiac Correctional Center ("Pontiac") against the following Defendants: Illinois Department of Corrections ("IDOC") Director Latoya Hughes; Former Pontiac Warden Mindi Nurse; Corrections Majors Brown and Shelton; Corrections Lieutenants Biros, Bowden, Colwell, and Meade; Corrections Sergeants Brady and Farley; Corrections Officers Michael, and Trevino; Administrative Review Board ("ARB") Officer Margaret Madole; Counselors Graham and Bryan Kuhl; and the IDOC. Plaintiff's assertions span from October 1, 2023, to September 1, 2024.

Specifically, Plaintiff's account outlines the conditions upon his arrival at Pontiac, where he was placed in a cell with dried feces, semen, and blood. Plaintiff asserts that these conditions were prevalent throughout his stay at Pontiac, including being transferred to cells with filthy sinks, toilets, and chuckholes and clogged air vents. Plaintiff asserts further that he was not provided with cleaning supplies during his incarceration at Pontiac. (Pl. Compl., Doc. 1 at 5.) Plaintiff also noted excessive noise levels throughout the day and night and that, from December 2023 to July 2024, he was not allotted any recreational opportunities. (*Id.* at 6.) During the late fall and winter months, Plaintiff claimed that most of the housing facilities lacked operational heating.

On June 5, 2024, Defendants Meade, a corrections Lieutenant; Farley, a corrections Sergeant, and Trevino, a corrections officer, arrived at Plaintiff's cell to conduct what Plaintiff believed was a routine cell search. As Plaintiff attempted to retrieve his shoes,

Plaintiff heard a corrections official yell, "Now!" (*Id*.) Thereafter, Farley and Meade sprayed Plaintiff with mace. After exiting his cell, Plaintiff asserts he was violently slammed against a wall and dragged to a "bullpen" where he was subjected to a nonconsensual strip search "in front of numerous women. (*Id*. at 6-7.) After the search, Plaintiff was returned to his cell without being allowed to wash the mace from his body. (*Id*. at 7.)

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite naming Defendants Biros, Bowden, Brady, Brown, Colwell, Graham, Hughes, Kuhl, Madole, Michael, Nurse, and Shelton, Plaintiff provides no facts that establish or permit the inference that these individuals violated Plaintiff's constitutional rights. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Additionally, Plaintiff does not state a claim against the IDOC. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or correctional facility, cannot be sued under § 1983); *see also White v. Knight*, 710 F. App'x 260, 262 (7th

Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

"[T]he use of tear gas or a chemical agent is [not] a per se violation of the Eighth Amendment, whether an inmate is locked in his cell or not." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). "[T]he appropriateness of the use must be determined by the facts and circumstances of the case." *Id.* "[I]t is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." *Id.* "The use of mace, tear gas, or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment." *Id.*

"[O]nly those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Even where searches are justified by a valid penological reason, "the manner in which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009).

Plaintiff's account is sufficient to state an Eighth Amendment claim against Defendants Farley, Meade, and Trevino for the use of pepper spray and the manner in which Plaintiff's strip search was conducted.

Plaintiff's Motion for Status (Doc. 7) is moot with the entry of the Court's Merit Review Order.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Status (Docs. 7) is MOOT.

2) According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with the aforementioned Eighth Amendment claims against Defendants for the use of pepper spray and the manner in which Plaintiff's strip search was conducted. Plaintiff's claim against Defendants proceeds in their individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) The Clerk of the Court is DIRECTED to terminate Biros, Bowden, Brady, Brown, Colwell, Graham, Latoya Hughes, Bryan Kuhl, Margaret Madole, Michael, Mindi Nurse, Shelton, and the IDOC as parties.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits

of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8)   This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

9)   Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10)  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11)  If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12)  The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13)  The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 12, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE